UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL WILLIAM STAADT,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:18-CV-367-JVB-APR |
| | ) |
| ROBERT WILKE, Secretary of Veterans<br>Affairs, *et al.*,<br>　　　　Defendants. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Emergency Petition for Writ of Mandamus for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [DE 8], filed on February 15, 2019. Plaintiff, who is litigating *pro se*, filed a response on May 15, 2019. Defendants filed a reply on February 26, 2019. For the reasons stated below, the Court grants the motion.

## PROCEDURAL BACKGROUND

Plaintiff initiated this cause of action by filing a document titled Emergency Petition for Writ of Mandamus, in which Plaintiff indicates that he is bringing "an action . . . seeking to compel officer(s) of the United States to perform his/her duty pursuant to the Veterans Benefits Improvement Act . . . and in particular 38 USC §5109B, et seq." (Pet. 1, ECF No. 1). Plaintiff alleges that this Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law and has jurisdiction under 28 U.S.C. § 1361 because this is a mandamus action to compel an officer of the United States to perform a duty owed to Plaintiff.

Plaintiff alleges that, in violation of 38 U.S.C. § 5109B, the Secretary of Veterans Affairs had not taken the necessary actions "to provide for the expeditious treatment by the appropriate regional office of the Veterans Benefits Administration" of Plaintiff's claim that was "remanded

to a regional office of the Veterans Benefits Administration by the Board of Veterans' Appeals." 38 U.S.C. § 5109B (2003).[1]

By agreement of the parties, this case was stayed for a time while the parties attempted to resolve the dispute without further litigation, but the parties were unable to reach agreement as to this case's resolution.

## ANALYSIS

In essence, Plaintiff brings this action in attempt to compel the Department of Veterans' Affairs (VA) to quickly resolve his claim for benefits. Defendants argue that the Court lacks jurisdiction to hear this case because the Court of Appeals for Veterans Claims (CVA) has exclusive jurisdiction over this case. Because Plaintiff is the party asserting that the District Court has jurisdiction, he bears the burden of showing that jurisdiction exists. *See Muscarello v. Ogle Cty. Bd. of Com'rs*, 610 F.3d 416, 424 (7th Cir. 2010).

Congress passed the Veterans Judicial Review Act (VJRA) in 1988, providing a limited waiver of sovereign immunity to allow lawsuits seeking review of Board of Veterans' Appeals (BVA) decisions. *McCulley v. U.S. Dep't of Veterans Affairs*, 851 F. Supp. 1271, 1278 (E.D. Wis. 1994). The VJRA gave exclusive jurisdiction for these suits to the CVA. 38 U.S.C. § 7252(a).

The CVA also has jurisdiction to hear Plaintiff's case, which is not a case seeking review of a BVA decision but instead is a case seeking to "compel action of the Secretary unlawfully withheld or unreasonably delayed." 38 U.S.C. § 7261(a)(2). Of course, the fact that one court may hear a case (such as a case to compel the VA Secretary) does not automatically dictate the conclusion that no other court is also able to hear that case. Thus, the Court must look further into this issue.

---

[1] This statute has since been amended. The quoted language is from the version of the statute that applies to Plaintiff's claim.

The Sixth and Eighth Circuit Courts of Appeal have determined that the ability to hear challenges Department of Veterans Affairs procedure is restricted. "We find, as the Sixth Circuit did, that the United States has not waived its sovereign immunity as to review of VA procedures by any court other than the CVA, Federal Circuit, and Supreme Court." *In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998); *see also Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) ("Plaintiffs here challenge the constitutionality of the procedures by which the Cleveland Regional Office of the VA and the BVA adjudicate claims for benefits. Whether these procedures cause unlawful or unconstitutional delays in the administration of veterans benefits are questions within the exclusive jurisdiction of the BVA, the CVA, and the Court of Appeals for the Federal Circuit."); *cf. Helfgott v. United States*, 891 F. Supp. 327, 330 (S.D. Miss. 1994) ("By lodging review of agency action, including 'action of the Secretary unlawfully withheld or unreasonably delayed,' (§ 7261(a)(2)) in the CVA, Congress has manifested a clear intent that the CVA exercise sole jurisdiction over review of all VA benefits determinations, including actions seeking to compel the VA to make a decision.").

Similarly, the Ninth Circuit Court of Appeals, after recounting the history of the VJRA, concluded "Congress was quite serious about limiting our jurisdiction over *anything* dealing with the provision of veterans' benefits" and "has created a scheme conferring exclusive jurisdiction over claims *affecting* veterans' benefits to some federal courts, while denying all other federal courts any jurisdiction over such claims." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1020, 1023 (9th Cir. 2012) (emphasis added).

Though the Seventh Circuit Court of Appeals in *Marozsan v. United States* permitted veterans to bring constitutional challenges to VA procedures, this decision was rendered before the VJRA gave veterans a means of judicial recourse through the CVA, and the Seventh Circuit's

3

decision turned on the need for a forum in which to bring such constitutional challenges. 852 F.3d 1469, 1472 (1988). Thus, it appears that *Marozsan* has been superseded by the VJRA. Therefore, the Court follows the other cases cited above and finds that the CVA has exclusive jurisdiction to hear mandamus actions to compel the Secretary of the VA to take actions unlawfully withheld or unreasonably delayed.

Though Plaintiff correctly pointed out that, in general, district courts can hear cases that arise under federal laws and can hear mandamus cases to compel United States officers, he has not shown that the Court has jurisdiction in this specific case, where the limited waiver of sovereign immunity passed by Congress in the VJRA only permits cases to be brought in the CVA (and, from there, to be appealed to the Federal Circuit Court of Appeals). The Court does not have jurisdiction to hear this case, so it must be dismissed.[2]

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Defendants' Motion to Dismiss Plaintiff's Emergency Petition for Writ of Mandamus for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [DE 8]. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

SO ORDERED on April 17, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[2] In a similar vein, because the Court does not have jurisdiction, it cannot look at the merits of the case as presented in Defendants' alternative request to dismiss Plaintiff's petition for failure to state a claim upon which relief can be granted.